Jesus Heraldez MARTINEZ,
Petitioner–Appellant,

v.

Michael B. MUKASEY,* Attorney
General; et al., Respondents–
Appellees.

No. 06–56458.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2007 **.

Filed Jan. 17, 2008.

Jesus Heraldez Martinez, Spring Valley, CA, pro se.

USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Leon W. Weidman, Esq., for Respondents–Appellees.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM ***

Jesus Heraldez Martinez appeals from the district court's dismissal, for lack of

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction, of his habeas corpus petition filed under 28 U.S.C. § 2241. We review de novo, *see Serrato v. Clark,* 486 F.3d 560, 565 (9th Cir.2007), and we affirm.

■ Martinez's petition does not challenge his federal conviction for lying to a federal officer in violation of 18 U.S.C. § 1001. Instead, he challenges a detainer lodged on May 6, 2005 by the Immigration and Naturalization Service with the federal Bureau of Prisons, citing the detainer's effect on his conditions of confinement. Habeas corpus is not available to challenge the detainer. *See Campos v. INS,* 62 F.3d 311, 314 (9th Cir.1995).

■ Martinez's underlying argument, that he proved he was a United States citizen at his 2005 trial for attempted reentry after deportation in violation of 8 U.S.C. § 1326, is a challenge to his April 2005 removal or to a prospective removal. We cannot consider a challenge to Martinez's April 2005 removal because he has not filed a petition for review. *See Iasu v. Smith,* 511 F.3d 881, 886–90 (9th Cir.2007) (noting that the REAL ID Act and 8 U.S.C. § 1252(b)(5) require nationality claims to be brought pursuant to a petition for review). We cannot consider a challenge to a possible future final order of removal that has not been issued. *See* 8 U.S.C. § 1252(a)(1).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.